

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,
Reaffirmed by
WW-1442*

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-2687
Re: Whether Amarillo Independent
School District may have the
Tax Assessor and Collector
of the City of Amarillo as
its Tax Assessor and collec-
tor.

In your letter of September 7, 1940, you re-
quest our opinion in substance as to whether the Amarillo
Independent School District may have as its assessor and
collector of taxes the Tax Assessor and Collector of the
City of Amarillo.

Amarillo Independent School District was orig-
inally incorporated by special act of the Legislature in
1905. Chapter 136, page 330, General and Special Laws,
1905. That act was repealed by S. B. 10, chapter 8, page
777, Local and Special Laws of Texas, Second Called Ses-
sion, 31st Legislature, which was amended by S. B. No. 109,
chapter 31, 35th Legislature, Fourth Called Session, add-
ing to the District certain territory located in Randall
County. Neither of the last mentioned acts makes a spe-
cific provision for the election or appointment of a tax
assessor and collector. However, Sections 5, 8 and 11,
of said S. B. No. 10, 31st Legislature, read as follows:

"Sec. 5. If the majority of the votes cast
at such election shall be in favor of such in-
corporation, and shall be so returned to the
county judge, said school district shall hereby
be and become an incorporated independent school
district under the name of the Amarillo Independ-
ent School District, and shall have, possess,

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and exercise all the powers, rights and duties
of independent school districts formed by towns
and villages incorporating for school purposes
only; and the said county judge shall cause an
entry thereof in the records of the county commissioners court."

"Sec. 8. The said board of trustees shall
be vested with the full management and control
of the free schools in said district, and shall
be vested with all the powers, rights and duties
that are provided by general law for boards of
trustees of towns and villages incorporated for
free school purposes only, including the powers
and manner of taxation, issuing bonds, buying
grounds, and buying and erecting buildings and
improvements and all materials and supplies for
school purposes. They shall also have the right
at any time in their discretion to sell and convey any real estate or other property belonging
to said independent school district, not needed
for school purposes."

"Sec. 11. The said Amarillo Independent
School District and the trustees and officers
thereof shall be governed in all things by the
general laws of Texas for towns and villages
incorporated for school purposes only, except
as otherwise provided in this act."

Articles 2791, 2792 and 2802, Revised Civil Statutes, originated in S. B. No. 218, chapter 124, page 263,
General and Special Laws of Texas, 1905, by the 29th Legislature. From a reading thereof (particularly Sections
153, 149 and 165), it seems evident that Articles 2791 and
2792 apply in the cases of "towns and villages incorporated
for free school purposes only" such as were referred to in
S. B. No. 218, 29th Legislature, while Article 2802 has application to a city or town constituting an independent
school district such as is provided for in Article 2768,
Revised Civil Statutes. Hence, under the provisions of
Sections 5, 8 and 11, of said S. B. No. 10, 31st Legislature, Articles 2791 and 2792 govern the Amarillo Independent School District in respect to its assessor and collector of taxes, rather than Article 2802.

Honorable T. M. Trimble, Page 3


Under Articles 2791 and 2792, the District may
have its taxes assessed and collected by the county asses-
sor and collector, or it may have its own assessor and
collector, duly bonded. In the light of these statutes,
to have the Tax Collector and Assessor of the City of
Amarillo assess and collect the taxes for the District
would not merely be adding to the duties of that office.
For, unless the board of trustees chooses to have the
taxes assessed and collected by the county tax assessor
and collector, there exists a separate and distinct of-
fice, that of Tax Assessor and Collector of the Amarillo
Independent School District.

Section 40, Article 16, of the State Constitu-
tion, clearly prohibits the same man from holding both
the offices in question. With reference to the attempt
of G. L. Cellum to occupy the places of tax assessor and
collector of the City of Sinton and of the Sinton Inde-
pendent School District, which also had been created by
special act of the Legislature, the Commission of Appeals,
in Odem vs. Sinton Independent School District, 234 S.W.
1090, held that such could not be done, saying:

"It is clear that Cellum could not hold his
office as city assessor and collector, and at
the same time act as de facto assessor and col-
lector of the school district. The Constitution
prohibits the holding and exercise of two such
offices. Section 40, art. 16, Constitution of
Texas. He could not hold or exercise both of-
fices in either a de jure or de facto capacity."

Still more closely in point -- by reason of the
similarity of the Act creating the Dalhart District and
the Act creating the Amarillo District -- is the case of
Jenkins vs. Autry, 256 S. W. 672, error refused, holding
that the two offices could not be occupied at the same
time by one person. The difference between the instant
case and First Baptist Church vs. City of Fort Worth, 26
S. W. (2d) 196, appears from the distinction drawn by
Judge Leddy in his opinion in that case between it and
the Odem-Sinton and Jenkins-Autry cases.

Honorable T. V. Trimble, Page 4

We are thus required to answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:LM

APPROVED SEP 16, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS